O. CASWELL V. THE CITY OF MARSHALLTOWN, Appellant.

**Municipal Corporations:** CONTRACTS WITH ATTORNEY: *Custom.* The fact that acts of a judiciary committee of a city council, in employing assistant counsel for the city, have been several times approved and ratified by the council, does not establish a custom binding on the city, where an ordinance expressly provides that such employment shall be "at the discretion of the mayor or city council."

RATIFICATION OF COMMITTEE ACT. The judiciary committee of the city council, without authority, employed assistant counsel in an action against a city. The employment was reported to the city council and disapproved. The attorney then made out his bill against the city, for retainer and services under such employment, for one hundred and fifty dollars. The bill was approved by the committee on claims, and reported. At the next metting of the council a motion was passed to allow all bills, "except the bill of C (the attorney), and that C be allowed twenty-five dollars in full payment of claims." *Held,* that there was not a ratification of C's employmen'

*Appeal from Marshall District Court.*—HON. B. P. BIRDSALL, Judge.

FRIDAY, APRIL 9, 1897.

PLAINTIFF asks to recover one hundred and fifty dollars, and states his causes of action in three counts, the first being as follows: "That on the —— day of March, 1895, the defendant employed the plaintiff by contract not in writing, and agreed to pay the plaintiff for his services rendered and to be rendered, as an attorney, in the case of *Church, et al., against the City of Marshalltown, et al.,* being the case No. 5,579, in the district court of Marshall county, Iowa, the sum of one hundred and fifty dollars; that the plaintiff entered upon his said duties as said attorney in said case, and has in all respects complied with the

conditions and provisions of said contract, to be done and performed on his part; that by the terms of said employment said amount so agreed to be paid for said services is wholly due and past due; that the same is still plaintiff's property, due, and wholly unpaid; that the defendant refuses to pay the same, although requested to do so." The second alleges a breach of said contract on the part of the city, by discharging him from said employment, to his damage, one hundred and fifty dollars, and the third is, to recover one hundred and fifty dollars as the value of services rendered at the instance and request of defendant. Defendant answered, denying that it ever made, authorized, or ratified such a contract, and denies that plaintiff rendered any such services as alleged, or, if so, that they were without the knowledge of and of no value to the defendant. The case was tried to a jury, and the court gave the following instructions: "The court being of the opinion that the employment of the plaintiff by the defendant city is undisputably shown by the evidence, the plaintiff is entitled to recover in this case the reasonable value of his services rendered as an attorney in the case of *Church, et al., against City of Marshalltown, et al.*, above referred to, and this is the only question that is submitted for your determination in the case." The jury returned a verdict for plaintiff, and, defendant's motion in arrest of judgment and for a new trial being overruled, judgment for one hundred and fifty dollars was entered on the verdict. Defendant appeals.—*Reversed.*

*C. H. E. Boardman* for appellant.

*Binford & Snelling* for appellee.

GIVEN, J.—I.    The evidence shows without conflict that two members of the judiciary committee of the defendant's city council did, with the approval of a majority of the city council expressed in personal interviews, agree with the plaintiff as alleged.  It also appears that, relying upon that agreement, the plaintiff proceeded to and did render services under said employment up to March 28, 1895, when he was discharged, and another employed to act in his place.  An ordinance of the defendant city provided as follows: "Section 63.  Assistant counsel may be employed in any case at the discretion of the mayor or city council."  There is no evidence that any action was ever taken by the mayor or city council authorizing said committee to employ the plaintiff, or any other person, as counsel for the city in said *Case of Church* or any other case.  It is not claimed that consent of individual members of the city council, expressed in personal interviews with this committee who employed the plaintiff, conferred upon the committee authority to do so.  All that is claimed from that consent is that it shows good faith on the part of the committee.  It is certainly clear that the authority to employ assistant counsel rested solely in the mayor or city council, and that neither ever conferred that authority upon the judiciary committee.

II.    It appears that prior to this transaction the judiciary committee had employed assistant counsel on behalf of the city; that plaintiff had been so employed; and that the action of the committee had been uniformly approved, without question as to its authority.  Plaintiff testifies as follows: "I understood from the committee that they had authority to hire me, and I thought they had, both from the fact that the committee had at

various times hired me, and their acts had been verified and ratified by the city council before and after this." We have no doubt but that the committee and the plaintiff acted in good faith, and in the belief that their action would be approved, as similar acts had been by the city council. Much is said in argument and authorities are cited upon the subject of custom, but there is no evidence of a custom in this respect that could bind the city by the acts of the committee alone. Their previous acts in employing counsel were binding upon the city, because they were approved and ratified by the city council, which possessed the authority to make such contracts. Much is also said, and numerous authorities cited, upon the subject of agents, and the implied powers of agents and committees; but they are not applicable, for the reason that there is no evidence upon which to charge the city upon the acts of the committee alone. Under the facts of this case, we are not called upon to determine whether the city would have been bound by the acts of the committee, if it had been the custom for that committee to employ assistant counsel without authority from, or approval by, the mayor or city council.

II. We now inquire whether this action of the judiciary committee was ever ratified so as to make it binding upon the city. The exact date of the agreement with the plaintiff does not appear, but it was evidently late in the month of March, 1895.

Plaintiff testifies as follows: "I say that I was discharged in this case; was so informed by the committee that I supposed had hired me, as they hired me a good many times. I read a report in the *Times-Republican*, of city council meeting of March 28th, in which another attorney was hired in my stead. It was not an official report, and concluded from that statement and from the statement of the parties that

hired me that I was discharged.  I was so told."  The record of the proceedings of the city council is quite meagre.  There is no record in the proceedings of March 28, of any report from the committee showing the employment of plaintiff, nor of his discharge and the employment of another; but the evidence leaves no doubt but that such a report was made and disapproved upon the claim of the mayor and others that the committee had no authority to so act, and that another was then employed to act as assistant counsel in plaintiff's place.  Plaintiff, under date of March 30, 1895, made out his bill against the city for retainer and services under said employment for one hundred and fifty dollars.  This bill was approved by the committee on claims, April 8, 1895, and presented to the city council on the same day, and laid over to its next regular meeting.  The record shows that at that meeting, May 13, the following action was had: "Moved and seconded that bills be allowed as recommended by the committee on claims, and that the clerk be authorized to draw warrants on the treasurer, except as to the bill of O. Caswell, and that Caswell be allowed twenty-five dollars in full payment of claim."  Defendant sought to show that at a meeting September 10, 1895, said record was amended by adding the following:  "Said allowance of twenty-five dollars being in no manner a recognition of any contract with the said Caswell, or the authority of the committee on judiciary to make same, but only for the purpose of settlement and compromise and to prevent a lawsuit."  This evidence was excluded on plaintiff's objection.  Whether correctly so or not we need not determine, as we are of the opinion that what preceded, instead of showing a ratification of the action of the judiciary committee, clearly shows the contrary.  The allowance of twenty-five dollars in full payment of claim" was not a recognition or ratification

of the contract, but as compensation for services actually rendered. It is our opinion that said judiciary committee had no authority whatever to bind the city by said contract, and that the city did not, through its mayor or city council, ratify or recognize said contract so as to be bound thereby, and therefore the court erred in the instruction quoted above.—REVERSED.